[Cite as *State v. Buckway*, 2014-Ohio-3715.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 100591

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEWANNA BUCKWAY

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574908-C

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 28, 2014

**ATTORNEY FOR APPELLANT**

Allison S. Breneman
1220 West 6th Street
Suite 303
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Karrie D. Howard
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Defendant Dewanna Buckway appeals from her six-month sentence imposed upon her guilty plea to obstructing justice in violation of R.C. 2921.32(A)(4), a felony of the fifth degree, as agreed to in a plea deal. For the following reasons, we affirm.

{¶2} Buckway was accused of intimidating a witness from testifying. Neither Buckway's nor the state's brief elaborates on her crime. Buckway pleaded guilty to obstructing justice; however, at the November 2012 sentencing hearing, it was noted that Buckway was convicted of the misdemeanor aggravated trespass in violation of R.C. 2911.211 in December 2011. As a result, the trial court sentenced Buckway to a six-month term of imprisonment in the underlying case. Buckway timely appealed, solely claiming that her sentence was contrary to R.C. 2929.13(B)(1), which mandated the court to impose community control sanctions rather than a prison term.[1] We find no merit to Buckway's sole assignment of error.

{¶3} R.C. 2929.13(B)(1)(a) provides that if an offender, such as Buckway, pleads guilty to a felony of the fifth degree that is not an offense of violence, the trial court shall sentence that offender to a community control sanction if

> (1) the offender previously has not been convicted of or pleaded guilty to a felony offense; (2) the most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree; (3) if the court made a

---

[1]After appealing her sentence, Buckway sought and received judicial release. There is a split among the districts on whether the judicial release mooted her appeal. *State v. Pitts*, 6th Dist. Lucas No. L-05-1212, 2005-Ohio-5461, ¶ 6. We must simply note the issue. In recognition that neither party advanced arguments addressing the viability of the appeal, we are hesitant to weigh in on that discussion.

request[,] [and] the department of rehabilitation and correction * * * provided the court with * * * details of one or more community control sanctions * * *; and (4) the offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

Buckway summarily claims, after briefly reciting the statutory section, that the trial court was required to impose a community control sanction because all the requirements were met. Buckway, however, failed to object to the court's imposing a term of imprisonment rather than community control sanctions at sentencing and has waived all but plain error.

{¶4} "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "Plain error exists only if 'but for the error, the outcome of the trial clearly would have been otherwise,' and is applied 'under exceptional circumstances and only to prevent a manifest miscarriage of justice.'" *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61, quoting *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "In order to prevail on a showing of plain error, a defendant must prove three things: (1) an error, (2) that is plain, and (3) that affects substantial rights." *State v. Rogers*, 2013-Ohio-3235, 994 N.E.2d 499 (8th Dist.) (Stewart, A.J., dissenting), citing *Jones v. United States*, 527 U.S. 373, 389, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999).

{¶5} In this case, Buckway has not shown that an error occurred with specific citations as required by App.R. 16(A)(7). In this situation, we cannot determine that her case is an exceptional circumstance and that our intervention is necessary to prevent the miscarriage of justice. Further, Buckway was judicially released on January 9, 2014, and

as part of that release, she was subjected to the community control sanctions she seeks on appeal. In light of the paucity of briefing, we cannot find plain error. Buckway's sole assignment of error is overruled.

{¶6} Buckway's conviction and the decision of the trial court are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR