[Cite as *State v. Shannon*, 2020-Ohio-5511.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109271 |
| v. | : | |
| ADAM SHANNON, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 3, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-638562-C

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer Meyer, Assistant Prosecuting Attorney, *for appellee.*

Carolyn Kaye Ranke, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Adam Shannon appeals the imposition of consecutive prison sentences after he pled guilty to two counts of drug trafficking in

violation of R.C. 2925.03(A)(2), one count of drug possession in violation of R.C. 2925.11 and one count of possession of criminal tools in violation of R.C. 2923.24.

{¶ 2}  Shannon asserts two assignments of error for review:

First Assignment of Error: Appellant's sentence is contrary to law as consecutive sentences were not properly imposed.

Second Assignment of Error: Appellant's sentence is contrary to the provisions of HB 49 which was enacted to reduce jail sentences for low level felony offenses of the 4th and 5th degrees.

{¶ 3}  Finding no merit to the appeal, we affirm.

**Factual Background and Procedural History**

{¶ 4}  On April 25, 2019, Shannon was indicted by a Cuyahoga County Grand Jury in a 17-count indictment along with three codefendants. The indictment against Shannon was for 14 of those counts which included five counts of drug trafficking, five counts of drug possession, one count of having weapons while under disability and three counts of possession of criminal tools.[1]  Many of the counts

---

[1] Specifically, Shannon was indicted on the following counts: drug trafficking in violation of R.C. 2925.03(A)(2), a first-degree felony, to wit: cocaine in an amount equal to or exceeding 100 grams (Count 1); drug possession in violation of R.C. 2925.11(A), a first-degree felony, to wit: cocaine in an amount equal to or exceeding 100 grams (Count 2); drug trafficking in violation of R.C. 2925.03(A)(2), a first-degree felony, to wit: heroin in an amount equal to or exceeding 100 grams (Count 3); drug possession in violation of R.C. 2925.11(A), a first-degree felony, to wit: heroin in an amount equal to or exceeding one hundred grams (Count 4); drug trafficking in violation of R.C. 2925.03(A)(2), a first-degree felony, to wit: fentanyl-related compound in an amount equal to or exceeding 500 unit doses but less than 1,000 unit doses or equal to or exceeding 50 grams but less than 100 grams (Count 5); drug possession in violation of R.C. 2925.11(A), a first-degree felony, to wit: fentanyl-related compound in an amount equal to or exceeding 500 unit doses but less than 1,000 unit doses or equal to or exceeding 50 grams but less than 100 grams (Count 6); drug possession in violation of R.C. 2925.11(A), a fifth-degree felony, to wit: Clonazepam in an amount less than the bulk amount with a furthermore clause that he was previously convicted of a drug abuse offense (Count 7); drug possession in violation of R.C. 2925.11(A), a fifth-degree felony, to wit: Buprenorphine/Naloxone in an

included one-year firearm specifications, major drug offender specifications, schoolyard specifications and forfeiture specifications seeking forfeiture of multiple guns as well as a scale, a cell phone and $7,252. The charges arose out of an investigation of a suspected drug trafficking operation occurring at a residence at 3625 Newark Avenue in Cleveland by the Cuyahoga County Sheriff's Department. Through the use of a confidential informant, deputies conducted six controlled buys at the residence, two of which involved Shannon. During one of the controlled buys, Shannon was allegedly observed wearing blue latex gloves while he and another male weighed and packaged large amounts of drugs.

{¶ 5} A search warrant was executed at 3625 Newark Avenue and multiple handguns and shotguns along with 280 grams of cocaine, 250 grams of heroin and 68 grams of fentanyl, a large portion of which was secured in a safe to which Shannon allegedly had access were found. When a search warrant was executed at Shannon's residence, .11 grams of cocaine and $7,252 in cash were found that included $100 from one of the controlled buys. At the time he committed the offenses in this case, Shannon was on judicial release in Cuyahoga C.P. No. CR-17-615863 ("615863").

---

amount less than the bulk amount with a furthermore clause that he had previously been convicted of a drug abuse offense (Count 8); having weapons while under disability in violation of R.C. 2923.13(A)(3), a third-degree felony (Count 12); possessing criminal tools in violation of R.C. 2923.24(A), a fifth-degree felony (Counts 13 and 17); drug trafficking in violation of R.C. 2925.03(A)(2), a fifth-degree felony, to wit: marihuana in an amount less than 200 grams (Count 15) and drug possession in violation of R.C. 2925.11(A), a fifth-degree felony, to wit: cocaine in an amount less than five grams (Count 16).

{¶ 6} The parties reached a plea agreement. On July 22, 2019, Shannon pled guilty to one count of drug trafficking (heroin) in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, with forfeiture specifications (amended Count 3),[2] one count of drug trafficking (marihuana) in violation of R.C. 2925.03(A)(2), a felony of the fifth degree, with forfeiture specifications (as charged in Count 15), drug possession (cocaine) in violation of R.C. 2925.11(A), a felony of the fifth degree, with forfeiture specifications (as charged in Count 16) and possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree, with forfeiture specifications (as charged in Count 17). An additional term of the plea agreement was that Shannon would be sentenced to prison. The length of his prison sentences and whether his sentences would be served consecutively or concurrently were to be determined by the trial court. In exchange for Shannon's guilty pleas, the remaining counts were nolled. Shannon waived a presentence investigation and report.

{¶ 7} On July 31, 2019, the trial court held a sentencing hearing in this case as well as a hearing regarding Shannon's violation of community control sanctions on judicial release in 615863. The trial court heard first from Jessica Alvarado, Shannon's probation officer. Alvarado indicated that Shannon had been granted judicial release in 615863 on March 1, 2018, a little more than one year prior to the commission of the crimes for which Shannon had entered guilty pleas in this case.

---

[2] Count 3 was amended to reduce the amount of heroin from "equal to or exceeding 100 grams" to "1 to 5 grams." The one-year firearm specification, schoolyard specification and major drug offender specification were also deleted.

She stated that Shannon violated the terms of his judicial release but that, on April 3, 2018, supervision was continued. Shannon appeared before the trial court on September 4, 2018 for a second violation hearing based on the fact that he had been convicted of a DUI in the Euclid Municipal Court on August 28, 2019 and had failed to inform his probation officer of the charge. Shannon was found to have violated community control sanctions, but his supervision was again continued. A third violation of judicial release was levied against Shannon due to positive alcohol and marijuana screens in December 2018. On January 3, 2019, the trial court, once again, found Shannon to be in violation but continued his supervision. During the July 31, 2019 hearing, Shannon waived his right to a preliminary revocation hearing and admitted his violation of community control sanctions in 615683 based on his guilty pleas in this case.

{¶ 8} At the hearing, the trial court also heard from the assistant prosecuting attorney, defense counsel and Shannon. The assistant prosecuting attorney described the facts leading to the charges against Shannon in this case, showed the trial court photographs of the contents of the safe and asserted that Shannon was a "high-level drug supplier." The state requested that Shannon receive "as lengthy of a prison term as possible."

{¶ 9} Defense counsel, in turn, argued that this was "a routine incident involving drug sales" and that Shannon was "actually quite a bit removed" from the drug trafficking operations that had occurred inside the residence at 3625 Newark Avenue. Defense counsel denied that Shannon had access to the safe where the

drugs were found and claimed that Shannon had been selling drugs to "catch-up on his expenses," including his financial obligations to his children, after he was laid off from a lighting company where he had worked in 2018. He asked that the trial court consider a "lower sentence" in this case.

{¶ 10} Shannon read a letter he had written to the trial court in which he apologized for his actions and stated that "financial hardship and being behind on bills" led to his poor decision making. He requested leniency in sentencing so that he could "continue [his] employment in the near future, further [his] education to receive better job opportunities and lead by example for [his] family."

{¶ 11} After hearing from each of these individuals and considering "the record, the oral statements made here today, the plea negotiations, the status from the probation department as well as the affidavit of indigency," the trial court sentenced Shannon to an aggregate prison term of 36 months at the Lorain Correctional Institution. The trial court sentenced Shannon to 12-month prison terms on each of Counts 3, 15, 16 and 17. The trial court further ordered that the sentences on Counts 3, 15 and 16 were to run consecutive to each other and consecutive to the sentence imposed in 615863 and that the sentence on Court 17 was to be served concurrently to the sentences imposed on Counts 3, 15 and 16 and concurrently to the sentence imposed in 615863.[3] The trial court also imposed three

---

[3] At the time of his sentencing, Shannon had 12 months left on his sentence in 615683.

years of discretionary postrelease control and Shannon was ordered to forfeit seven guns, a cell phone, a scale and $7,252 in U.S. currency.

{¶ 12} When sentencing Shannon, the trial court made the followings findings in support of the imposition of consecutive sentences at the sentencing hearing:

> The court makes this finding to support the imposition of consecutive sentences that it is necessary to punish Mr. Shannon and to protect the public from future crime, that this sentence is not disproportionate to the seriousness of the conduct and the danger posed by Mr. Shannon and that one or more of these offenses were committed while Mr. Shannon was on community control sanctions [on] judicial release.

{¶ 13} In its August 1, 2019 sentencing journal entry, the trial court set forth the findings it had made in support of the imposition of consecutive prison sentences as follows:

> The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. * * * The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense.

{¶ 14} On December 19, 2019, this court granted Shannon's motion for leave to file a delayed appeal. On September 30, 2020, the trial court granted Shannon judicial release.

**Law and Analysis**

### Imposition of Consecutive Sentences — Findings under R.C. 2929.14(C)(4)

{¶ 15} In his first assignment of error, Shannon contends that his consecutive sentences should be modified to run concurrently[4] or vacated and the case remanded for resentencing because his consecutive sentences are "contrary to law" and "not supported by the record."

{¶ 16} Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1, 16. An appellate court "may increase, reduce, or otherwise modify a sentence" or it "may vacate the sentence and remand the matter to the sentencing court for resentencing" if it "clearly and convincingly finds" that (1) the record does not support certain specified findings, including a sentencing court's findings under R.C. 2929.14(C)(4), or (2) "the sentence is otherwise contrary to law." R.C. 2953.08(G)(2); *State v. Rapier*, 8th Dist. Cuyahoga No. 108583, 2020-Ohio-1611, ¶ 7. "'Clear and convincing evidence is that measure or degree of proof * * * which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 29, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954),

---

[4] Shannon does not dispute that the trial court properly ordered that the sentences in this case be served consecutively to the sentence imposed in 615863. Shannon requests that we modify the consecutive sentences in this case "to run concurrent with each other but consecutively to the imposition of the sentence in CR 615863."

paragraph three of the syllabus. It is "an extremely deferential standard of review." *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 17} To impose consecutive sentences, a trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and (3) at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶ 18} The trial court must make the requisite findings in support of the imposition of consecutive sentences at the sentencing hearing and incorporate those findings into its sentencing journal entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶ 19} There are two ways a defendant can challenge consecutive sentences on appeal. *State v. Tidmore*, 8th Dist. Cuyahoga No. 107369, 2019-Ohio-1529, ¶ 15;

*State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.  First, the defendant can argue that consecutive sentences are contrary to law because the trial court failed to make all of the findings required by R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b).  Second, the defendant can argue that the record clearly and convincingly does not support the findings made by the trial court under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a).

**{¶ 20}** To "make" the requisite "findings" under the statute, "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell* at ¶ 29.  When considering whether the trial court has made the requisite findings, an appellate court must view the trial court's statements on the record "in their entirety." *See, e.g., State v. Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, ¶ 23, 25 (8th Dist.).

**{¶ 21}** In this case, the record reflects that the trial court determined at the sentencing hearing that (1) consecutive sentences were necessary to protect the community from future crime and to punish Shannon, R.C. 2929.14(C)(4), (2) consecutive sentences were not disproportionate to the seriousness of Shannon's conduct and to the danger he poses to the public, *id.,* (3) and the offenses were committed while Shannon was "on community control sanctions [on] judicial

release," R.C. 2929.14(C)(4)(a). The trial court's consecutive sentence findings were incorporated in its August 1, 2019 sentencing journal entry.

{¶ 22} Shannon does not dispute that the trial court made each of these findings at the sentencing hearing and in its sentencing journal entry. He further admits that his "commission of new criminal offenses while under supervision meets the first prong of R.C. 2929.14(C)(4)(a)." However, he contends that his "commission of new criminal offenses while under supervision" could only "demonstrate[] the need to have the remaining time under his underlying sentence in [615863] be served consecutive to the sentence imposed in CR 19 638562" and that an additional or different finding, i.e., a finding under R.C. 2929.14(C)(4)(b) or (c), was necessary to impose consecutive sentences on the individual counts to which Shannon pled guilty in this case. We disagree.

{¶ 23} Shannon cites no legal authority in support of this contention. There is no such limitation in R.C. 2929.14(C)(4). Had the legislature intended to impose such a limitation on the imposition of consecutive sentences it could have done so. This court has previously affirmed the imposition of consecutive sentences on individual counts based on a finding that the defendant was on probation or community control sanctions in another case when he or she committed the offenses at issue. *See, e.g., State v. Jordan*, 8th Dist. Cuyahoga No. 103813, 2016-Ohio-5709, ¶ 7, 51-57.

{¶ 24} Shannon also contends that the record does not support a finding under R.C. 2929.14(C)(4)(b) that "[a]t least two of the multiple offenses were

committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct" and or a finding under R.C. 2929.14(C)(4) that the imposition of consecutive sentences was disproportionate to the seriousness of Shannon's conduct, given that (1) Shannon's crimes "were part of singular conduct" based on evidence seized during a single search of the 3625 Newark Avenue residence rather than "numerous or multiple offenses," (2) Shannon was personally involved in only two of the six controlled buys that led to the search, (3) large quantities of drugs were found in the safe at the 3625 Newark Avenue residence rather than at Shannon's residence, (4) Shannon pled guilty to only a handful of the counts with which he had been charged and (5) the charge against Shannon that involved the "more serious drug compound of heroin" (Count 3) was reduced from a charge of drug trafficking more than 100 grams of heroin to a charge of drug trafficking heroin in an amount between one and five grams.

{¶ 25} The trial court, however, did not make a finding, and was not required to make a finding that R.C. 2929.14(C)(4)(b) applied before it could impose consecutive sentences. Only one of the circumstances in R.C. 2929.14(C)(4)(a)-(c) needs to be found to support the imposition of consecutive sentences. *See, e.g., Jordan* at ¶ 57; *Rapier*, 2020-Ohio-1611, at ¶ 10 ("The legislature authorized the imposition of consecutive sentences if three findings are made, the last of which

contains three, independent alternative findings under R.C. 2929.14(C)(4)(a)-(c).”); *State v. Black*, 8th Dist. Cuyahoga No. 108335, 2020-Ohio-188, ¶ 11 (“The legislature authorized the trial court to impose consecutive sentences if only one of three findings under R.C. 2929.14(C)(4)(a)-(c) is made.”). Here the trial court found that R.C. 2929.14(C)(4)(a) applied.

{¶ 26} Further, the trial court was not limited to consideration of the facts associated with the specific offenses to which Shannon pled guilty in determining whether consecutive sentences were warranted. *See, e.g., State v. West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, ¶ 13 (“‘A plea agreement does not * * * preclude the trial court’s consideration of the underlying facts of the case in determining the appropriate sentence to impose’ and, therefore, ‘the trial court is permitted to consider the original charge when imposing its sentencing.’”), quoting *Blevins*, 2017-Ohio-4444, 93 N.E.3d 246, at ¶ 36; *see also State v. Reeves*, 8th Dist. Cuyahoga No. 100560, 2014-Ohio-3497, ¶ 31 (“[T]he trial court is permitted to consider the original charge when sentencing.  * * * When the defendant’s convictions result from a plea agreement, that agreement does not preclude the trial court’s consideration of the underlying facts of the case in determining the appropriate sentence to impose. * * * “‘[T]he seriousness of the offense will generally be based upon the judge’s perception of the real facts of what occurred, and the plea bargained offense will simply set a ceiling on what the judge can impose.’”), quoting Griffin & Katz, *Ohio Felony Sentencing Law,* at 450-451 (2000 Ed.); *State v. Roberts*, 2017-Ohio-9014, 101 N.E.3d 1067, ¶ 16-17 (“Consecutive sentences are not

imposed upon a consideration limited to the offender's conduct as it relates to the convictions. * * * 'Conduct' under R.C. 2929.14(C)(4) is 'understood to encompass more than just the facts supporting conviction on a particular offense.'"), quoting *State v. Dennison*, 10th Dist. Franklin No. 15AP-592, 2016-Ohio-8361, ¶ 61 (citations omitted).

{¶ 27} Although it was not obligated to do so, the trial court explained its reasoning in sentencing Shannon to consecutive prison sentences as follows:

> I'm not going to get on a soap box. When Ms. Alvarado went through the status of your supervision [in 615863], I was kicking myself. You know, maybe had I terminated your supervision at your first violation hearing, you wouldn't have found yourself in this mess.
>
> And that's something that I struggle with. You know? Do I send you back? Because judicial release is so few and far between, and if you can't follow the rules, then maybe I shouldn't have granted it and I should have sent you back at that first violation hearing. Or the second violation hearing. Or the third violation hearing. So I feel like I need to take some responsibility, too, because maybe the leniency made you believe that we don't take these things seriously, but we do and we have to. * * * [W]e can't consider this a routine drug trafficking offense. It's not.
>
> * * *
>
> [T]his is a career for you. Now, we have to not just talk about drug trafficking. It's the drugs that you're trafficking in, the drugs that are polluting and killing members of our community. That addict has no control over their addiction, and they're out there just looking for that next fix. And there is a safe full of cocaine and heroin and fentanyl that is killing people. You're putting it in their hands. And thank God this is a drug trafficking case and not a corrupting with drugs or a manslaughter case because they trace these drugs back to you.
>
> I appreciate that you're taking responsibility. I have come to know you, and I don't know if the person that kept coming through these doors for all of your violation hearings and the compliance

hearings is the same person that was conducting himself in the community. I choose to believe that you're a good person, and I've maintained that since the first time I met you. A good person making bad decisions. But it has to change.

And it didn't seem like the time that you said that you spent in prison made that impact on you the time before. So what kind of message do I have to send you today to make you understand it's against the law, it will not be tolerated and there can't be leniency when the behavior continues?

There's just a lot that's not adding up for me here. I can't reconcile the person that kept coming through these doors with great ambition with the person that's looking at these convictions. I'm having a difficult time. And I don't like that we're in this situation. And I don't like having to impose sentence on you today, but that's my job.

* * *

The court must and has formulated this decision based upon the overriding purposes and principles of felony sentencing, namely, to protect the public from future crime by you, Mr. Shannon, and to punish you using the minimum sanctions that the court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources. I have considered the need for incapacitation, deterrence and rehabilitation. * * * I've considered the seriousness and recidivism factors relevant to the offense and the offender. Yes, these are serious crimes and the recidivism factor is through the roof. Do I believe that if I let you walk today, that maybe you don't pick up the business today or tomorrow but maybe the day after? That's just a reality. And that's what you've shown me.

The court is ensuring that the sentence being imposed does not demean the seriousness of the offense, the impact on our community and is consistent with other similar offenses committed by like offenders. Finally, the sentence is not based upon any impermissible purposes, namely the race, ethnic background, gender or religion of Mr. Shannon.

**{¶ 28}** The transcript from the sentencing hearing shows that the trial court made its findings and imposed consecutive sentences after considering not only the

facts of this particular case (including its perception of the "real facts" of what occurred and not simply the "facts" of the charges to which Shannon pled guilty) but also Shannon's lengthy history of drug trafficking, other drug-related offenses and repeated probation violations. In 615863, Shannon violated the terms of his judicial release four times before it was revoked. Prior to the charges in 615863 and this case, Shannon appeared before the Cuyahoga County Court of Common Pleas in eight cases that resulted in convictions and, in six of those cases, Shannon was found to have violated the terms of his probation.

{¶ 29} The record shows that the trial court's consecutive sentence findings were the result of a thorough, carefully-considered analysis regarding whether consecutive sentences were necessary to protect the public and punish Shannon in light of the seriousness of the offenses, Shannon's history and background and the danger Shannon poses to the public.

{¶ 30} There is nothing in the record before us that leads us to conclude that any of the trial court's findings in support of the imposition of consecutive sentences is clearly and convincingly unsupported by the record. The record shows that the trial court complied with its obligations under R.C. 2929.14(C)(4). Accordingly, we overrule Shannon's first assignment of error.

**Claim that Imposition of Consecutive Prison Sentences is Contrary to the "Spirit" of H.B. 49 and R.C. 2929.24(C)**

{¶ 31} In his second assignment of error, Shannon argues that the trial court abused its discretion in imposing consecutive prison sentences on Counts 3 (as amended), 15 and 16 because "the imposition of consecutive sentences for low level felony 4 and 5 drug offenses" is "contrary to the spirit of H.B. 49 as codified in R.C. 2929.24(C)." Specifically, Shannon contends that the trial court abused its discretion by sentencing Shannon to consecutive prison terms without considering whether "some part of the sentence could not be served in a jail alternative or community based correctional facility * * * as opposed to consecutive sentences." Once again, Shannon cites no authority in support of this contention aside from H.B. 49 and R.C. 2929.24(C). Shannon requests that the case be remanded to the trial court for "determination of [his] ability to participate in jail alternatives or in a community based correctional facility."

{¶ 32} The state asserts that Shannon's sentences are not reviewable under R.C. 2953.08(D)(1) because (1) "defense counsel and the prosecution both jointly agreed to a prison term, to be decided by the trial court" as a condition of the plea agreement, (2) the trial court (as agreed) sentenced Shannon to a prison term and (3) the sentences imposed were authorized by law. R.C. 2953.08(D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In this case, the

record reflects that the parties agreed, as a condition of the plea agreement, that Shannon would be sentenced to a prison term, but did not have an agreement as to any particular sentence, sentencing range or sentencing cap or an agreement as to whether Shannon's sentences would be served concurrently or consecutively. The state cites no case in which a court declined to review a defendant's sentences based on R.C. 2953.08(D)(1) under similar circumstances. Further, we note that in *State v. Jackson*, 8th Dist. Cuyahoga No. 108364, 2020-Ohio-491, this court stated that where the prosecutor and defense counsel represented to the court that "they had agreed that some term of prison, rather than probation, was an appropriate sanction in the case," the case did not involve an "agreed sentence" subject to R.C. 2953.08(D)(1). *Id.* at ¶ 5, 13 ("An agreed sentence is one in which 'the defendant and the state have agreed to be mutually bound to a specific sentence or a sentence authorized by law within a prescribed range.'"), quoting *State v. Huffman*, 8th Dist. Cuyahoga No. 105805, 2018-Ohio-1192, ¶ 17. We need not decide whether the parties' agreement that Shannon would be sentenced to a prison term constitutes an unreviewable jointly recommended sentence under R.C. 2953.08(D)(1) because even if the trial court's decision to impose prison sentences was reviewable, Shannon's argument is meritless.

{¶ 33} First, as stated above, the standard of review of felony sentences is not abuse of discretion. Felony sentences are reviewed under the standard provided in R.C. 2953.08(G)(2). *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 1, 16.

{¶ 34} Second, with respect to Shannon's assertion that his consecutive prison sentences are "contrary to the spirit of H.B. 49 as codified in R.C. 2929.24(C)," R.C. 2929.24(C) has no application here. That provision addresses jail terms for misdemeanors.[5] The offenses to which Shannon pled guilty were fourth- and fifth-degree felonies.

{¶ 35} Further, as this court explained in *State v. Neville*, 2019-Ohio-151, 128 N.E.3d 937 (8th Dist.):

> H.B. 49 was a budget bill. * * * [T]he purpose of the relevant amendments to H.B. 49 was to reduce the amount of low-level felony offenders in the state's prison population, to save the state money, and to provide drug addiction treatment to offenders by keeping them in their local communities.

*Id.* at ¶ 30. H.B. 49 included a provision, which was applicable to ten "target" counties in Ohio (including Cuyahoga County) and any "volunteer" counties agreeing to it, that when a defendant was sentenced to 12 months or less for certain fifth-degree felonies, the prison term would not be served in an institution under the control of the Ohio Department of Rehabilitation and Correction; instead, the

---

[5] R.C. 2929.24(C) provides:

If a court sentences an offender to a jail term under this section and the court assigns the offender to a county jail that has established a county jail industry program pursuant to section 5147.30 of the Revised Code, the court shall specify, as part of the sentence, whether the offender may be considered for participation in the program. During the offender's term in the county jail, the court retains jurisdiction to modify its specification regarding the offender's participation in the county jail industry program.

sentence would be served locally, in a county or municipal jail or workhouse, community-based correctional facility or "community alternative sentencing center." *See* former R.C. 2929.34(B)(3)(c); 2929.34(C)-(D); *see also Neville*, 2019-Ohio-151, 128 N.E.3d 937, at ¶ 22, fn. 3.  However, H.B. 49 also set forth various exceptions where this did not apply, including "to any person to whom * * * the felony of the fifth degree" was an offense of violence under R.C. 2901.01, a sex offense under R.C. Chapter 2907, an offense for which a mandatory prison term was required or drug trafficking in violation of R.C. 2925.03 — as in this case.[6]  *See* former R.C. 2929.34(B)(3)(d)(i).

---

[6] At the time of Shannon's sentencing, R.C. 2929.34(B)(3)(c)-(d) provided, in relevant part:

(c) Except as provided in division (B)(3)(d) of this section, on and after July 1, 2018, no person sentenced by the court of common pleas of a target county [which included Cuyahoga County] or of a voluntary county to a prison term that is twelve months or less for a felony of the fifth degree shall serve the term in an institution under the control of the department of rehabilitation and correction. The person shall instead serve the sentence as a term of confinement in a facility of a type described in division (C) or (D) of this section. * * *

(d) Division (B)(3)(c) of this section does not apply to any person to whom any of the following apply:

(i) The felony of the fifth degree was an offense of violence, as defined in section 2901.01 of the Revised Code, a sex offense under Chapter 2907. of the Revised Code, a violation of section 2925.03 of the Revised Code, or any offense for which a mandatory prison term is required.
(ii) The person previously has been convicted of or pleaded guilty to any felony offense of violence, as defined in section 2901.01 of the Revised Code.
(iii) The person previously has been convicted of or pleaded guilty to any felony sex offense under Chapter 2907. of the Revised Code.

{¶ 36} Third, in any event, given that Shannon agreed, as part of his plea agreement, that he would be sentenced to prison in this case, he is not in a position to challenge the trial court's decision to sentence him to prison. *Cf. State v. Brownlee*, 2018-Ohio-739, 107 N.E.3d 822, ¶ 25 (8th Dist.) ("a party cannot take advantage of an error that the party induced the trial court make"), citing *State v. Smith*, 148 Ohio App.3d 274, 2002-Ohio-3114, 772 N.E.2d 1225, ¶ 30 (8th Dist.). The record reflects that when sentencing Shannon to prison, the trial court considered the principles and purposes of sentencing under R.C. 2929.11, the relevant sentencing factors under R.C. 2929.12 and the factors relevant to its decision to impose consecutive sentences under R.C. 2929.14(C)(4). Shannon admits that his sentences are within the statutory range for fourth- and fifth-degree felonies. Based on the record before us, we cannot say that Shannon's sentences were clearly and convincingly unsupported by the record or otherwise contrary to law.

{¶ 37} Finally, on September 30, 2020, Shannon was granted judicial release. Accordingly, Shannon's requested relief, i.e., that the case be remanded to the trial court for a "determination of [his] ability to participate in jail alternatives or in a community based correctional facility," is now moot.

---

(iv) The person's sentence is required to be served concurrently to any other sentence imposed upon the person for a felony that is required to be served in an institution under the control of the department of rehabilitation and correction.

Effective October 17, 2019, R.C. 2929.34(B)(3)(c) was amended to remove the references to "a target county" and "that is 12 months or less." 2019 H.B. 166.

**{¶ 38}** Shannon's second assignment of error is overruled.

**{¶ 39}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

PATRICIA A. BLACKMON, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE OPINION

SEAN C. GALLAGHER, P.J., CONCURRING:

**{¶ 1}** I fully concur with the majority opinion but write separately out of the fear that the majority's conclusion — the granting of judicial release moots Shannon's argument regarding resentencing — has potential to be considered in too broad of a context in future cases. It is noteworthy that the majority's conclusion is precisely worded: "Shannon's requested relief, *i.e.*, that the case be remanded to the trial court for a 'determination of [his] ability to participate in jail alternatives or in a community based correctional facility,' is now moot." Majority Opinion, ¶ 37. In light of the limited argument presented by Shannon, I fully concur with the majority's assessment — no resentencing can occur in light of the granting of judicial

release. However, it must be noted that in the broader context, the granting of judicial release does not necessarily moot *all* sentencing challenges. *State v. Delmonico*, 8th Dist. Cuyahoga No. 108578, 2020-Ohio-3368, ¶ 30, fn. 6 (concluding that the granting of judicial release did not moot the particulars of that defendant's assigned errors); *State v. Buckway*, 8th Dist. Cuyahoga No. 100591, 2014-Ohio-3715, ¶ 2, fn. 1 (noting a conflict among districts). The majority's narrowly tailored conclusion is in harmony with the law of this district, and accordingly, I fully concur.