[Cite as *State v. Jackson*, 2020-Ohio-491.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 108364 |
| v. | : | |
| DEREK DION JACKSON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 13, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-629181-A and CR-18-629543-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee.*

Rick L. Ferrera, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Derek Dion Jackson ("Jackson") appeals from his conviction and sentence following a guilty plea. For the reasons that follow, we affirm.

**Procedural and Substantive History**

{¶ 2} This appeal stems from Jackson's sentence in two separate cases. In connection with Cuyahoga C.P. No. CR-18-629181-A, on May 30, 2018, the Cuyahoga County Grand Jury indicted Jackson on four counts of trafficking in violation of R.C. 2925.03(A)(2), three counts of drug possession in violation of R.C. 2925.11(A), one count of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). The trafficking and drug possession counts all carried one-year firearm specifications and various forfeiture specifications. This indictment stemmed from a traffic stop in which Jackson was the front-seat passenger in a car and, upon being stopped, the driver and back-seat passenger both fled. A gun was found in the backseat of the car.

{¶ 3} In connection with Cuyahoga C.P. No. CR-18-629543-A, on June 19, 2018, the grand jury indicted Jackson on one count of failure to comply in violation of R.C. 2921.331(B) with a furthermore specification, five counts of trafficking in violation of R.C. 2925.03(A)(2), four counts of drug possession in violation of R.C. 2925.11(A), and one count of possessing criminal tools in violation of R.C. 2923.24(A). All of the counts except for failure to comply carried forfeiture specifications.

{¶ 4} Both cases were resolved with a plea agreement. On December 12, 2018, Jackson pleaded guilty to four amended counts of trafficking, two of which were felonies of the fourth degree and two of which were felonies of the fifth degree,

and one count of having weapons while under disability as charged in CR-18-629181-A. All firearm specifications and the remaining counts were nolled. Jackson also pleaded guilty to one count of failure to comply as charged, one amended count of attempted trafficking, and three counts of trafficking as charged in CR-18-629543-A. The remaining counts and specifications were nolled.

{¶ 5} The court referred Jackson to the probation department for preparation of a presentence-investigation report ("PSI"). On February 27, 2019, the court held a sentencing hearing. The court stated that it had reviewed the PSI and the case file. The court heard from the prosecutor and defense counsel, who both indicated that they had agreed that some term of prison, rather than probation, was an appropriate sanction in the case. Defense counsel further asked the court to consider sentencing Jackson to prison in one case and probation in the other, or at most, to run his potential prison sentences concurrently. The court also heard from Jackson.

{¶ 6} In CR-18-629543-A, the court sentenced Jackson to nine months on each of the four drug trafficking charges, to run concurrent to each other and to his sentence in CR-18-629181-A. The court also sentenced Jackson to nine months on the failure to comply charge, to be served consecutively. In CR-18-629181-A, the court sentenced Jackson to 16 months on each of the fourth-degree felonies and 12 months on each of the fifth-degree felonies, and the court ordered that the sentence for the fourth-degree felonies would be served consecutively to the sentence for the fifth-degree felonies. The court further sentenced Jackson to 24 months on the

having weapons while under disability charge and ordered that sentence to be served concurrently to the sentences for drug trafficking. At the sentencing hearing, the trial court mistakenly referred to Jackson's total sentence in CR-18-629181-A as 30 months rather than 28 months. The sentencing journal entry referred to Jackson's total sentence as both 28 months and 30 months.

{¶ 7} On June 26, 2019, the trial court filed a nunc pro tunc entry in CR-18-629181-A, stating that Jackson was sentenced to a total of 28 months, not 30 months as had previously been stated in the journal entry.

{¶ 8} Jackson appeals, presenting two assignments of error for our review.

**Law and Analysis**

{¶ 9} In his first assignment of error, Jackson argues that the trial court failed to comply with Crim.R. 11 when it accepted a plea without confirming Jackson's agreement to a stipulated term of imprisonment. According to Jackson, his plea is invalid because the court did not ask Jackson whether he acknowledged that the parties had stipulated to a prison term.

{¶ 10} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 11} In order to ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

With respect to the nonconstitutional aspects of Crim.R. 11(C), including an understanding of the nature of the charges and the maximum penalty involved, the trial court must substantially comply with the rule. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the

implication of his or her plea and the rights he or she is waiving. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 12} Following a review of the record, we conclude that the trial court substantially complied with Crim.R. 11. The court conducted a full plea colloquy with Jackson before accepting his plea, and the court discussed the charges Jackson faced, the maximum penalties for the charges, and the effects of Jackson's plea. Specifically, the court went through each charge to which Jackson would plead guilty and outlined the potential terms of incarceration or fines he faced.

{¶ 13} Jackson argues that because the prosecutor and defense counsel had represented to the court that they agreed that a prison term was an appropriate sanction in this case, the court somehow erred by not explaining this to Jackson. As an initial matter, we must note that this case did not contain an agreed sentence. An agreed sentence is one in which "the defendant and the state have agreed to be mutually bound to a specific sentence or a sentence authorized by law within a prescribed range." *State v. Huffman*, 8th Dist. Cuyahoga No. 105805, 2018-Ohio-1192, ¶ 17. Further, an agreed sentence authorized by law is not appealable pursuant to R.C. 2953.08(D)(1). *Id.* Here, the parties presented a joint nonbinding recommendation to the court that prison was an appropriate sanction in this case. The court, therefore, was not required to accept or even comment on that recommendation as long as the court has indicated that no promises, threats, or coercion was used to induce the plea. *Id.* at ¶ 16. The court confirmed this with Jackson during his plea colloquy. Moreover, regardless of any agreements between

the parties that prison was an appropriate sanction, the record makes clear that Jackson knew that a prison term was a potential sentence. Therefore, Jackson's first assignment of error is overruled.

{¶ 14} In his second assignment of error, Jackson argues that the trial court failed to correctly journalize his sentence in CR-18-629181-A. Jackson points out that in the sentencing journal entry, the court referred to the total sentence as both 28 months and 30 months. The trial court corrected this error in a June 26, 2019 nunc pro tunc entry in which it noted that Jackson's total sentence in CR-18-629181-A was 28 months.

{¶ 15} Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct certain types of errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *State v. Thompson*, 8th Dist. Cuyahoga No. 102326, 2015-Ohio-3882, ¶ 15, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 13. Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record * * * may be corrected by the court at any time." Further, nunc pro tunc entries can be used to correct mathematical calculations and typographical errors, although they are limited to memorializing what the trial court actually did at an earlier point in time. *Id.*, citing *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10. Here, the nunc pro tunc served to correct the trial court's earlier mathematical error in calculating the total number of months in Jackson's sentence. Although the trial court incorrectly calculated the total sentence

both on the record at the sentencing hearing and in the original sentencing journal entry, the trial court's explanation of Jackson's sentence for each count confirms that this was a mathematical error. Therefore, we conclude that it was appropriately corrected by the trial court in its June 26, 2019 nunc pro tunc entry and find Jackson's second assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR