[Cite as *State v. Cohee*, 2020-Ohio-1119.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 108652

    v.                           :

JUSTIN COHEE,                           :

    Defendant-Appellant.         :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** March 26, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634477-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Denise Salerno, Assistant Prosecuting Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

RAYMOND C. HEADEN, J.:

{¶ 1} Defendant-appellant Justin Cohee ("Cohee") appeals from his sentence following a guilty plea. For the reasons that follow, we affirm Cohee's sentence but remand for the trial court to issue a nunc pro tunc entry that accurately reflects the waiver of court costs.

## Procedural and Substantive History

{¶ 2}  On November 27, 2018, the Cuyahoga County Grand Jury indicted Cohee on two counts of attempted rape in violation of R.C. 2923.02 and 2907.02(A)(2), two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), one count of kidnapping in violation of R.C. 2905.01(A)(4), one count of importuning in violation of R.C. 2907.07(B)(2), and one count of importuning in violation of R.C. 2907.07(A).  The attempted rape counts and the kidnapping count each carried notices of prior conviction, repeat violent offender, and sexually violent predator specifications.  The gross sexual imposition counts both carried a sexually violent predator specification.

{¶ 3}  On March 28, 2019, the court held a plea hearing.  Cohee pleaded guilty to three amended counts of gross sexual imposition, an amended count of attempted rape, and two counts of importuning as charged.  The remaining counts and specifications were nolled.  The court referred Cohee to the probation department for preparation of a presentence-investigation report ("PSI").

{¶ 4}  On May 7, 2019, the court held a sentencing hearing.  The court heard statements from the prosecutor, who read statements from one of the victims and her mother into the record.  The prosecutor informed the court that at the time of the incidents leading to Cohee's indictment, he was living with his girlfriend and her two daughters.  Cohee initiated a sexual relationship with one of the children and repeatedly attempted to force himself on her.  Cohee also offered the girl money and

marijuana in exchange for sexual favors. The prosecutor asked the court to impose a prison term. The court also heard from defense counsel.

{¶ 5} The court stated that it had considered the record, the statements made at sentencing, the PSI and mitigation-of-penalty reports, and the victim impact statements. The court also stated that it considered the purposes and principles of felony sentencing. The court sentenced Cohee to 12 months on each of the three gross sexual imposition counts, 12 months on one importuning count, 24 months on the other importuning count, and seven years on the attempted rape count. The court found that consecutive sentences were necessary and stated that all sentences would run consecutive, for a total prison term of 14 years. The court journalized this sentence, and subsequently issued a corrected journal entry reflecting a total sentence of 13 years.

{¶ 6} Cohee appealed, presenting two assignments of error for our review.

**Law and Analysis**

{¶ 7} In Cohee's first assignment of error, he argues that his sentence is contrary to law because the record does not support the imposition of consecutive sentences on all counts.

{¶ 8} Pursuant to R.C. 2953.08, a reviewing court may overturn the imposition of consecutive sentences where it clearly and convincingly finds that the trial court failed to make the required findings under R.C. 2929.14(C)(4), or that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4), or the sentence is otherwise contrary to law.

{¶ 9} R.C. 2929.14(C)(4) requires a sentencing court to make certain findings before imposing consecutive sentences. First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Finally, the court must find any one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Beyond making these findings on the record, the court must also incorporate the findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 1.

{¶ 10} Here, Cohee does not dispute that the trial court made the required findings pursuant to R.C. 2929.14(C)(4). Instead, he asserts that the findings are clearly and convincingly not supported by the record. In support of this argument, he asserts that although the court specifically mentioned certain mitigating factors

at the sentencing hearing, the court failed to consider several additional mitigating factors. Specifically, Cohee submits that the court should have considered his untreated substance-abuse issues and his serious mental-health issues.

{¶ 11} The sentencing transcript reflects that the court considered the PSI and the mitigation-of-penalty reports, both of which addressed his substance-abuse and mental-health issues. The court further noted that it considered that Cohee had suffered abuse as a child, stating:

> When you're not properly treated and you don't go through counseling and trauma therapy that gets buried and it manifests itself and it creates victims and that's unfortunate. And it's not a cop-out for you, but it's a mitigating factor.

The record clearly undermines Cohee's argument.

{¶ 12} Moreover, Cohee has failed to establish that the court's consecutive-sentence findings are clearly and convincingly unsupported by the record. A review of the record clearly shows that the court both considered the factors in R.C. 2929.11 and 2929.12, and made appropriate consecutive-sentence findings in R.C. 2929.14. In doing so, the court specifically referenced the harm Cohee inflicted on the juvenile victims, the seriousness and recidivism factors relevant to the offense and the offender, and the need for incapacitation, deterrence, and rehabilitation. Cohee's assertion that the court should have considered additional factors or given more or less weight to certain factors is not sufficient to show that the record fails to support the court's findings. Nor is it a basis for reversing his sentence. *State v. Ledbetter*, 8th Dist. Cuyahoga No. 104077, 2017-Ohio-89, ¶ 11.

{¶ 13} Finally, Cohee argues that because the trial court imposed a sentence totaling 13 years but stated on the record that his total sentence was 14 years, the matter should be returned to the trial court for it to properly advise him of his 13-year sentence. We disagree. Although the trial court incorrectly calculated Cohee's total sentence both on the record at the sentencing hearing and in its initial sentencing journal entry, the trial court's explanation of Cohee's sentence for each count confirms that this was a mathematical error. Therefore, we conclude that this error was appropriately corrected by the court in its corrected journal entry dated May 7, 2019. *State v. Jackson*, 8th Dist. Cuyahoga No. 108364, 2020-Ohio-491, ¶ 15. For these reasons, Cohee's first assignment of error is overruled.

{¶ 14} In his second assignment of error, Cohee argues that although the trial court waived court costs at his sentencing hearing, the corrected journal entry imposed court costs. This error is clerical and can be corrected with a nunc pro tunc entry that properly reflects what the court actually did at Cohee's sentencing hearing. *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, ¶ 3. Therefore, Cohee's second assignment of error is sustained.

{¶ 15} Judgment is affirmed. However, this case is remanded to the trial court for the limited purpose of correcting the sentencing journal entry to accurately reflect the waiver of court costs.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence and a nunc pro tunc entry of correction.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR