[Cite as *State v. Duncan*, 2020-Ohio-6740.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,         :

                                      No. 109310

    v.                                      :

JOE DUNCAN,                             :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART,
                   AND REMANDED
**RELEASED AND JOURNALIZED:** December 17, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-635287-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Ronni Ducoff, Assistant Prosecuting
Attorney, *for appellee.*

The Law Office of Jaye M. Schlachet, and Eric M. Levy,
*for appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Joe Duncan ("Duncan"), appeals from his convictions and sentence following a guilty plea in the common pleas court. He raises the following assignments of error for review:

1. The trial court erred when it imposed consecutive sentences which were both contrary to law and not supported by the facts in the record.

2. The trial court erred when it imposed consecutive sentences in its judgment entry that were stated as concurrent sentences at the sentencing hearing.

3. The trial court erred when it ordered Duncan to pay court costs in its December 2, 2019 sentencing journal entry that were specifically waived at the oral sentencing hearing.

4. Duncan's plea must be vacated where ineffective assistance of his trial counsel caused him to enter a guilty plea which was not made knowingly, intelligently, and voluntarily.

5. Duncan's guilty plea was not entered knowingly, intelligently, and voluntarily where he was not informed of sanctions and restrictions to be imposed upon him as a Tier III sex offender prior to entering the plea resulting in the trial court failing to comply with Crim.R. 11.

6. The trial court may not impose an order of no contact with the victim where Duncan was sanctioned to prison on all counts and a no contact order is a community control sanction which cannot be imposed upon a defendant sentenced to prison.

{¶ 2} After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for the trial court to effectuate the decision of this court.

## I. Procedural and Factual History

{¶ 3} In January 2019, Duncan was named in a 16-count indictment, charging him with five counts of rape, five counts of kidnapping, two counts of gross sexual imposition, and single counts of importuning, disseminating matter harmful to juveniles, endangering children, and intimidation of a crime victim or witness. The indictment stemmed from allegations that Duncan sexually assaulted his girlfriend's minor child between September 2017 and May 2018.

{¶ 4} In October 2019, Duncan retracted his former plea of not guilty, and pleaded guilty to sexual battery in violation of R.C. 2907.03(A)(5), as amended in Count 1 of the indictment; abduction in violation of R.C. 2905.02(B), as amended in Count 2 of the indictment; two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), as charged in Counts 10 and 12 of the indictment; and intimidation of a crime victim or witness in violation of R.C. 2921.04(B)(2), as charged in Count 16 of the indictment. Pursuant to the terms of the negotiated plea agreement with the state, the remaining counts were nolled.

{¶ 5} Upon accepting Duncan's guilty pleas, the trial court heard from the then 15-year old victim. The victim described the emotional harm caused by Duncan's conduct and asked the court to impose the maximum sentence. The victim's aunt, C.B., also spoke at the plea hearing. She explained that Duncan has been in the victim's life since the day she was born. C.B. stated that the victim looked up to Duncan and that Duncan violated his position of trust by taking advantage of the victim while her mother was incarcerated in the state of Indiana.

{¶ 6} At the sentencing hearing, the trial court determined that the sexual battery and abduction offenses merged for the purposes of sentencing. The state elected to pursue sentencing on the sexual battery offense. The trial court then sentenced Duncan t0 five years in prison on the sexual battery offense, 12 months in prison on each gross sexual imposition offense, and 12 months in prison on the intimidation of crime victim or witness offense. The trial court ordered each prison term to run consecutively, resulting in an aggregate eight-year prison term.

{¶ 7} Duncan now appeals from his convictions and sentence.

## II.  Law and Analysis

### A.  Crim.R. 11

{¶ 8} For the purposes of this appeal, we review Duncan's assigned errors out of order.  In his fifth assignment of error, Duncan argues his plea was not knowingly, intelligently, and voluntarily made because the trial court did not advise him of all of the sanctions and restrictions to be imposed upon him as a Tier III sex offender prior to entering the plea.

{¶ 9} "Due process requires that a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid."  *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 10, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25; s*ee also State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996) ("When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily.  Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.").

{¶ 10} Crim.R. 11(C) prescribes the process a trial court must follow before accepting a guilty plea to a felony.  *Bishop* at ¶ 11, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8.  Under Crim.R. 11(C)(2), a trial court shall not accept a guilty plea in a felony case without personally addressing the defendant and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 11} The purpose of Crim.R. 11(C) is "'to convey to the defendant certain information so that he [or she] can make a voluntary and intelligent decision whether to plead guilty.'" *State v. Woodall*, 8th Dist. Cuyahoga No. 102823, 2016-Ohio-294, ¶ 12, quoting *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). At issue in this case is compliance with Crim.R. 11(C)(2)(a), which requires the trial court to "[d]etermin[e] that the defendant is making the plea voluntarily, with understanding of the * * * maximum penalty involved."

{¶ 12} As a general matter, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)," i.e., that "'the plea would not have otherwise been made.'" *State v. Dangler*, Slip Opinion No. 2020-Ohio-2765, ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). There are,

however, two exceptions to this rule: (1) when the trial court fails to explain the constitutional rights that a defendant waives by pleading guilty and (2) when the trial court otherwise "complete[ly]" fails to comply with a requirement of Crim.R. 11(C). *Dangler* at ¶ 14-15. Thus, if the trial court completely fails to comply with a requirement of Crim.R. 11(C)(2), the plea must be vacated; a showing of prejudice is not required. *Id.* at ¶ 15; *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. Whether the trial court accepted a plea in compliance with Crim.R. 11(C)(2) is subject to de novo review, based on the totality of the circumstances. *See, e.g., State v. Baker*, 8th Dist. Cuyahoga No. 108301, 2020-Ohio-107, ¶ 16; *State v. Jackson*, 8th Dist. Cuyahoga No. 99985, 2014-Ohio-706, ¶ 6.

{¶ 13} R.C. Chapter 2950 sets forth the registration requirements, community-notification requirements, and residency restrictions that apply to Tier III sex offenders. Because a sexual-offender classification under R.C. Chapter 2950 is punitive in nature, it must be addressed during a Crim.R. 11(C)(2) plea colloquy as part of "the maximum penalty involved." *Baker* at ¶ 17; *State v. Brown*, 2019-Ohio-527, 132 N.E.3d 176, ¶ 7 (8th Dist.); *State v. Allen*, 8th Dist. Cuyahoga No. 97820, 2013-Ohio-258, ¶ 11; *State v. Creed*, 8th Dist. Cuyahoga No. 97317, 2012-Ohio-2627, ¶ 15-16.

{¶ 14} The maximum-penalty advisement is not a constitutional requirement. Consequently, if the trial court did not "completely fail" to comply with the requirement of Crim.R. 11(C)(2)(a), Duncan can prevail only by establishing

that he would not have pleaded guilty but for the trial court's failure to explain the sex-offender-classification scheme more thoroughly. *Dangler* at ¶ 23.

{¶ 15} After careful review, we find the factual circumstances presented in this case are analogous to those presented in *Dangler*. In *Dangler*, the defendant sought to have his no-contest plea vacated on the ground that the trial court had not complied with Crim.R. 11(C)(2)(a). *Id.*, Slip Opinion No. 2020-Ohio-2765, at ¶ 6. The trial court had informed the defendant that he would be classified as a Tier III sex offender and would be required to register for the rest of his life. However, the defendant argued that because the trial court did not inform him of all of the registration requirements, residency restrictions, and community-notification requirements associated with his status as a sex offender prior to the entry of his plea, his no-contest plea was not knowing and voluntary. *Id.* at ¶ 1, 6-7. "[P]roceed[ing] with the assumption that the [sex-offender classification] scheme as a whole constitutes a penalty for purposes of Crim.R. 11," the Ohio Supreme Court concluded that because the trial court had advised the defendant that he would be subject to the registration requirements of the sex-offender classification scheme, the trial court did not "completely fail" to comply with Crim.R. 11(C)(2)(a)'s maximum-penalty-advisement requirement. *Id.* at ¶ 2, 20, 22. Thus, the defendant was "entitled to have his conviction vacated for lack of a more complete explanation only if he demonstrates prejudice." *Id.* The court held that because the defendant did not establish prejudice, he was not entitled to have his no-contest plea vacated for failure to comply with Crim.R. 11(C)(2)(a). *Id.* at ¶ 24.

{¶ 16} As in *Dangler*, the trial court in this case carefully engaged Duncan in a proper Crim.R. 11 colloquy before accepting his guilty pleas. Relevant to the argument presented herein, the trial court advised Duncan of the maximum prison term he faced for each offense and further advised him as follows:

> Part of this plea will be that you have to register as a Tier III sex offender/child victim offender, and I will go over all of that with you after you have entered your plea.

> A Tier III means that you have to register for your lifetime with in-person verification every 90 days. That's the highest tier out of all of these counts.

Duncan expressed that he understood the trial court's advisement.

{¶ 17} Because the trial court advised Duncan that he would be subject to the registration requirements of the sex-offender-registration scheme, the trial court did not completely fail to comply with Crim.R. 11(C)(2)(a)'s maximum-penalty-advisement requirement. Moreover, given the nature and degree of the felony offenses that were nolled as part of the plea agreement, we are unable to conclude that Duncan would not have entered his plea had he been more thoroughly informed of the details of the sex-offender-classification scheme. Because Duncan has not established prejudice, he is not entitled to have his guilty pleas vacated for a failure to comply with Crim.R. 11(C).

{¶ 18} Duncan's fifth assignment of error is overruled.

## B. Ineffective Assistance of Counsel

{¶ 19} In his fourth assignment of error, Duncan argues defense counsel rendered ineffective assistance of counsel that caused him to enter guilty pleas that

were not knowingly, intelligently, and voluntarily made. Duncan contends that defense counsel "lied to him to get him to enter his guilty plea and that he would not have entered the plea had his counsel not informed him that the trial judge was lenient and would only sentence him to a year in prison."

{¶ 20} The Sixth Amendment to the United States Constitution guarantees a defendant the effective assistance of counsel at ""critical stages of a criminal proceeding," including when he [or she] enters a guilty plea.'" *State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 14, quoting *Lee v. United States*, 582 U.S. ___, 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶ 21} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation; and (2) that counsel's errors prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 22} Generally, a guilty plea waives all appealable errors that may have occurred in the trial court, including a claim of ineffective assistance of counsel, unless the errors precluded the defendant from knowingly, intelligently, and voluntarily entering a guilty plea. *State v. Davis*, 8th Dist. Cuyahoga No. 103764, 2016-Ohio-7222, ¶ 23, citing *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and

101947, 2015-Ohio-2699, ¶ 14. Therefore, where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he or she would not have pleaded guilty and would have insisted on going to trial. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 23} In this case, Duncan expressed his displeasure with defense counsel's representation at the conclusion of the sentencing hearing, stating, in relevant part:

> You [defense counsel] lied to me. I wouldn't have pled to this shit. He [defense counsel] told me I was going to get a year and you [the trial court] was lenient and all this shit. I wouldn't have pled to this. I swear I wouldn't —
>
> * * *
>
> He [defense counsel] told me — you [defense counsel] told me — his words exactly — told me to go ahead and take the plea, that you [the trial court] was going to be super lenient.

{¶ 24} We recognize that Duncan raised his displeasure with counsel's representation on the record during the sentencing hearing. However, the substance of his ineffective assistance of counsel argument relies on purported conversations that occurred off the record. Generally, "any allegations of ineffectiveness of counsel based upon facts not appearing in the trial court record

must be raised using other postconviction remedies." *State v. Crawford*, 8th Dist. Cuyahoga No. 105738, 2018-Ohio-3665, ¶ 12, citing *State v. Coleman*, 85 Ohio St.3d 129, 707 N.E.2d 476 (1999); *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 2005-Ohio-5463.

{¶ 25} Nevertheless, to the extent Duncan has preserved his argument for appeal, this court has routinely held that "a lawyer's mistaken prediction about the likelihood of a particular sentence is insufficient to demonstrate ineffective assistance of counsel." *State v. Durrette*, 8th Dist. Cuyahoga No. 104050, 2017-Ohio-7314, ¶ 17, citing *State v. Bari*, 8th Dist. Cuyahoga No. 90370, 2008-Ohio-3663, ¶ 11, and *State v. Williams*, 8th Dist. Cuyahoga No. 88737, 2007-Ohio-5073. In this case, the record does not support Duncan's self-serving assertion that he was misled or induced into entering his plea. Defense counsel expressly denied Duncan's accusations and maintained that he merely advised Duncan that the trial court would be fair if he entered a guilty plea. In addition, Duncan was advised of the maximum penalties he faced and was notified that the court was free to impose a sentence within the applicable sentencing range. In addition, Duncan expressed at the time of the plea he was satisfied with the representation of counsel, that he was not forced or threatened to enter his guilty plea, and that no promises were made to induce his guilty plea. Under the totality of these circumstances, we do not find Duncan has demonstrated deficient performance of counsel. *See State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 8 ("[W]here nothing in the record supports a defendant's claim that his plea was not knowingly and

voluntarily made other than his own self-serving * * * statement, the record is insufficient to overcome the presumption that the plea was voluntary"). Nor do we find Duncan has shown that there is a reasonable probability that, but for the claimed error of counsel, he would not have pleaded guilty and would have insisted on going to trial. Accordingly, we find no merit to Duncan's assertion that defense counsel rendered ineffective assistance of counsel.

{¶ 26} Duncan's fourth assignment of error is overruled.

### C. Consecutive Sentences

{¶ 27} In his first assignment of error, Duncan argues the trial court erred by imposing consecutive sentences without complying with the mandates of R.C. 2929.14(C)(4). In his second assignment of error, Duncan argues the trial court erred when it imposed consecutive sentences in its judgment entry when it expressed on the record that Duncan's sentences would be served concurrently. We address these assigned errors together because they are related.

{¶ 28} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State*

*v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 24 (8th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 29} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 30} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639,

2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 31} Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support the court's findings in support of consecutive sentences. *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459, ¶ 11. This is a deferential standard of review. *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.).

{¶ 32} At the onset of the sentencing hearing in this case, the trial court heard from the prosecutor, who summarized the facts supporting Duncan's convictions and described the impact Duncan's conduct has had on the victim. The prosecutor stated, in relevant part:

> [T]he defendant stands before you having pled guilty to sexual battery involving cunnilingus, gross sexual imposition involving a touching of the vagina and touching of the child's breasts. And the child's age at the time of these offenses in the indictment was 13 and 14.
>
> The letter from the [victim's] grandmother has indicated to you the impact on this child in addition to how the child spoke to you at the time of the plea, and she referenced that [the victim] was no longer the outgoing, cheerful child she used to be, that she now she stays really just in the company of one cousin, that she has periods of crying, that she's really shut herself in. She was cutting for a while, the grandmother indicated that stopped. The grandmother had them enrolled in counseling, but the child was feeling reluctant about that process and didn't feel comfortable talking anymore. So I believe that

from what you're hearing from the grandmother, that there is a major impact on this child.

**{¶ 33}** In imposing the consecutive sentences, the trial court stated, in relevant part:

> The court finds that consecutive sentences are necessary to punish the offender and to protect the public from future crime, and that this sentence is not disproportionate to the seriousness of the conduct and the danger posed by the defendant, and that two or more of the offenses were part of one or more course of conduct. And, finally, that the harm caused is so great and unusual that a single prison term would not adequately reflect the seriousness of the conduct.
>
> Mr. Duncan, you destroyed a child's life. You took away her innocence, you took away her childhood, and for those reasons I'm running your sentences concurrent [sic] for an aggregate sentence of eight years.

**{¶ 34}** Viewing this statement in its entirety, we find the trial court made the necessary consecutive-sentence findings and engaged in the correct analysis required under R.C. 2929.14(C)(4). The court found that consecutive sentences are necessary to protect the public and to punish Duncan. In addition, the court found that consecutive sentences were not disproportionate to the seriousness of Duncan's conduct and to the danger that he posed to the public. Finally, the trial court concluded that multiple offenses were committed as part of one or more courses of conduct, and that the harm was so great or unusual that no single prison term for the offenses committed as part of the course of conduct adequately reflects the seriousness of Duncan's conduct. The foregoing findings were properly included in the court's sentencing journal entry.

{¶ 35} Moreover, we do not clearly and convincingly find that the record does not support the court's findings in support of consecutive sentences. Here, the record reflects that Duncan committed serious felony offenses against a minor child that he was tasked with protecting. In violation of his position of trust, however, Duncan continuously manipulated a vulnerable teenage child to engage in a pattern of sexual abuse. The abuse continued for a period of months and resulted in lasting emotional and psychological harm to the victim. In an effort to avoid the intervention of the authorities, Duncan subsequently intimidated members of the victim's family, resulting in further turmoil and emotional harm. We further note that Duncan pleaded to separate offenses that were not allied offenses of similar import and constituted "multiple offenses" for the purposes of R.C. 2929.14(C)(4)(b). Similarly, the separate offenses consisted of distinct acts that occurred during "one or more courses of conduct" for the purposes of R.C. 2929.14(C)(4)(b). *State v. Wasilewski*, 11th Dist. Portage No. 2020-P-0025, 2020-Ohio-5141, ¶ 51-52. Under these circumstances, the trial court's consecutive-sentence findings are not unsupported by the record.

{¶ 36} Finally, we recognize that in the midst of making the foregoing findings in support of its decision to impose consecutive sentences, the trial court mistakenly stated that it was running Duncan's sentences "concurrent" for an aggregate sentence of eight years. Upon review of the trial court's statement in its entirety, it is clear that the trial court misspoke and was undoubtedly ordering the sentences to run consecutively. Throughout the sentencing hearing, the trial court

referenced its intent to impose consecutive sentences and imposed an aggregate sentence that could only be achieved by imposing consecutive sentences. Thus, we find no merit to Duncan's attempt to take advantage of the court's inadvertent, and singular, use of the term concurrent. The sentencing journal entry accurately depicts the sentence as it was imposed during the sentencing hearing.

{¶ 37} Duncan's first and second assignments of error are overruled.

### D. Court Costs

{¶ 38} In his third assignment of error, Duncan argues that although the trial court waived court costs at his sentencing hearing, the corrected journal entry imposed court costs. The state concedes the error, and we agree.

{¶ 39} Crim.R. 36 specifically allows for the trial court to correct a clerical mistake in a judgment or order at any time, and App.R. 9(E) authorizes an appellate court to direct that the misstatement be corrected. *See State v. Boyd*, 8th Dist. Cuyahoga Nos. 82921, 82922, and 82923, 2004-Ohio-368. "'Furthermore, while courts possess authority to correct errors in judgment entries so that the record speaks the truth, nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.'" *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, ¶ 3, quoting *State v. Williams*, 6th Dist. Lucas No. L-02-1394, 2004-Ohio-466, ¶ 7.

{¶ 40} "Although a court speaks through its journal entries, clerical errors may be corrected at any time in order to conform to the transcript of the

proceedings." *State v. Steinke*, 8th Dist. Cuyahoga No. 81785, 2003-Ohio-3527, ¶ 47; Crim.R. 36. "The trial courts retain continuing jurisdiction to correct these clerical errors in judgments with a nunc pro tunc entry to reflect what the court actually decided." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19.

{¶ 41} In this case, the trial court stated during the sentencing hearing that it was "not imposing any fines" and was waiving Duncan's court costs. The sentencing journal entry, however, imposed court costs. After careful review, we find the trial court's failure to incorporate the waiver of court costs into the sentencing journal entry amounted to a clerical error. *State v. Cohee*, 8th Dist. Cuyahoga No. 108652, 2020-Ohio-1119, ¶ 14, citing *State v. Hampton*, 8th Dist. Cuyahoga No. 103992, 2016-Ohio-5419, ¶ 3. Accordingly, we remand the matter for the trial court to issue a nunc pro tunc entry to properly reflect what was stated during Duncan's sentencing hearing.

{¶ 42} Duncan's third assignment of error is sustained.

### E. No-Contact Order

{¶ 43} In his sixth assignment of error, Duncan argues the trial court erred as a matter of law by imposing an order of no contact with the victim. Duncan contends that because he was sentenced to a term of imprisonment, the trial court had no authority to impose a no-contact order. Duncan further states that the no-contact order was not incorporated into the sentencing journal entry. The state concedes that "the no-contact order mentioned at the sentencing hearing is

unenforceable as part of the prison sentence since a prison sentence was imposed." We agree.

{¶ 44} In *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, the Ohio Supreme Court held that a trial court cannot impose a prison term and a no-contact order for the same felony offense. *Id.* at ¶ 32. The court reasoned that a no-contact order is a community control sanction, and for felony offenses, Ohio's statutory scheme makes it clear that prison terms and community control sanctions are alternative sanctions. Thus, a court must impose either a community control sanction or a prison term for an offense, but cannot impose both. *Id.; see also State v. Stafford*, 8th Dist. Cuyahoga No. 104276, 2016-Ohio-5635, ¶ 10.

{¶ 45} In this case, the trial court stated at the conclusion of the sentencing hearing that "as part of the plea and the sentence, you're [Duncan] to have no contact with [the victim]." We agree with Duncan's assertion that the trial court's statement concerning the imposition of a no-contact order during the sentencing hearing was error. However, as Duncan concedes on appeal, the no-contact order was not included in the trial court's sentencing journal entry. Because the no-contact order is not part of the sentencing journal entry, there is no error to correct on remand. *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, 863 N.E.2d 1024, ¶ 47 ("it is axiomatic that a court speaks through its journal entry.").

{¶ 46} Despite the trial court's improper attempt to impose a no-contact order, Duncan's sixth assignment of error is overruled.

**{¶ 47}** Judgment affirmed in part, reversed in part, and remanded for the trial court to carry out the judgment of this court.

It is ordered that the parties share equally costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded for the trial court to issue a nunc pro tunc entry to properly reflect what was stated during the defendant's sentencing hearing.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
MARY EILEEN KILBANE, J., CONCUR